UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACOB DEAN-MICHAEL ARNOLD,

    Plaintiff,

                                CASE No. 2:23-CV-70

v.

                                HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this matter (ECF No. 16) and Plaintiff's Objection to it (ECF No. 17). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 Wright, Miller & Marcus, Federal Practice and Procedure § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends affirming the Commissioner's decision on the basis that the ALJ's decision is supported by substantial evidence. The Court has reviewed de novo

the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection to it.  After its review, the Court finds that Magistrate Judge Vermaat's Report and Recommendation is factually sound and legally correct and accordingly adopts its conclusion.

## PLAINTIFF'S OBJECTION

Plaintiff raises a single regulatory objection.  Under 20 C.F.R. §§ 404.1520c(b); 416.920c(b), he points out, an ALJ is required to "articulate . . . how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."  The ALJ did not do that here, Plaintiff says, with respect to the prior administrative medical findings of Dr. Boyd and Dr. Smith.  As Plaintiff recognizes, these administrative findings were rendered as part of a previous application for disability benefits, not the current one.  This is fatal to Plaintiff's claim because the term "prior administrative medical findings" is defined in the regulations as "a finding . . . about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . *in your current claim* based on their review of the evidence in your case record[.]"  20 C.F.R. §§ 404.1513(a)(5); 913(a)(5). Accordingly, there was no need for the ALJ to discuss Dr. Boyd and Dr. Smith's findings under Sections 404.1520c(b) and 416.920c(b).

The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the governing law.  The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's Objections changes the fundamental analysis.

2

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 16) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.**

A separate Judgment shall issue.


Dated:     August 26, 2024                       Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 UNITED STATES DISTRICT JUDGE